**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | | |
|---|---|---|
| TRUENORTH COMPANIES, L.C.; ) | | |
| TRUENORTH PRINCIPALS, L.C., ) | | |
| ) | No. 17-cv-31-LTS | |
| **Plaintiffs,** ) | | |
| ) | | |
| vs. ) | **COMPLAINT** | |
| ) | | |
| TRUNORTH WARRANTY PLANS ) | | |
| OF NORTH AMERICA, LLC; ) | | |
| WILLIAM ESKRIDGE, ) | | |
| ) | | |
| **Defendants.** ) | | |

Plaintiffs TrueNorth Companies, L.C. and TrueNorth Principals, L.C. (collectively "TrueNorth"), for their Complaint against Defendants TruNorth Warranty Plans of North America, LLC ("Warranty Plans") and William Eskridge, state:

**JURISDICTION AND VENUE**

1. Plaintiff TrueNorth Companies, L.C. is an Iowa limited liability company with its principal place of business in Cedar Rapids, Iowa. TrueNorth Companies, L.C. is wholly owned by Plaintiff TrueNorth Principals, L.C., an Iowa limited liability company with its principal place of business in Cedar Rapids, Iowa. TrueNorth Principals, L.C. is owned by four corporations, all incorporated under the laws of, and having their principal places of business, in Iowa, and by three individuals, two of whom are citizens and residents of Iowa and one of whom is a citizen and resident of Texas.

2. Upon information and belief, Defendant TruNorth Warranty Plans of North America, LLC is a North Carolina limited liability company formed on or about September 1, 2015 with its principal place of business in Huntersville, North Carolina.

1

3. Upon information and belief, William Eskridge is the only member of Defendant Warranty Plans.

4. Upon information and belief, Defendant William Eskridge is an individual who is a citizen and resident of North Carolina.  Upon information and belief, Defendant Eskridge is the President or acting manager of Defendant Warranty Plans.

5. This case concerns Defendants' infringement of TrueNorth's trademarks and involves an amount in controversy greater than $75,000.

6. This Court has subject matter jurisdiction over TrueNorth's federal claims pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338, involving allegations of violations of the Lanham Act §§ 32 and 43, 15 U.S.C. § 1114 and 15 U.S.C. § 1125, respectively.  The Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. §1367(a).  The Court also has diversity jurisdiction over all claims pursuant to 28 U.S.C. § 1332(a).

7. Defendant Warranty Plans markets and sells its services using the marks that are the subject of this lawsuit throughout the United States, including in Iowa.

8. Warranty Plans advertises on its website that it "operates in most major cities in America."

9. Defendant's conduct has resulted in harm to Plaintiffs in Iowa.

10. Venue is proper pursuant to the provisions of 28 U.S.C. §§ 1391 because, on information and belief, a substantial part of the wrongful acts occurred in this District, as Defendant sells, offers to sell, and/or induces the sale of its services in or into the Northern District of Iowa.

# FACTUAL ALLEGATIONS

11. TrueNorth was formed in August 2000 with the merger of three financial services entities. TrueNorth provides financial services and insurance services to a wide variety of client types across the United States. TrueNorth originated in eastern Iowa and has expanded to include offices throughout the United States, including in Tennessee, Texas, Illinois, Michigan, and Colorado. TrueNorth services clients across the country.

12. TrueNorth Companies, L.C. is registered to do business in North Carolina as a foreign limited liability company.

13. TrueNorth has consistently used the word "TrueNorth" and two specific logo designs in commerce in connection with its business since its inception in 2000. Specifically, TrueNorth's first use in commerce of the trade word "TrueNorth" and its logo with the "TrueNorth" name and compass design was on September 1, 2000. TrueNorth's first use in commerce of an "N" with a compass design was on November 1, 2000.

14. TrueNorth has spent considerable resources developing and utilizing its TrueNorth mark and the two logo designs. Since establishing the brand in 2001, TrueNorth has invested well over $30 million in marketing efforts to strengthen the TrueNorth brand, both locally and nationally.

15. The TrueNorth national brand is well-known and recognized in the transportation industry as a leader in insurance and financial strategies, as evidenced by TrueNorth's partnerships with some of the nation's leading motor carriers, as well as TrueNorth's work with transportation associations such as the American Trucking Association (ATA) & Truckload Carriers Association (TCA).

16. By virtue of extensive advertising and sales of its services thereunder, TrueNorth's marks have become well and favorably known to the public and have become valuable symbols of TrueNorth's business and goodwill.

17. The services provided under TrueNorth's Trademarks include, among others, the offering of insurance coverages and other specialized products and services to commercial transportation companies as well as individual drivers, most of which are related to risk reduction. Certain coverages provide protection against damage to property.

18. TrueNorth has a Transportation Division that markets specifically to the commercial trucking industry.

19. TrueNorth Principals, L.C. registered with the United States Patent and Trademark Office its trademark for its logo of an "N" with a compass design, receiving Registration Number 2,517,502 on December 11, 2001. Registration Number 2,517,502 covers the N and design for the Industry Class 036, Insurance Services. A copy of the trademarked design appears below.



20. TrueNorth Principals, L.C. registered with the United States Patent and Trademark Office its word mark for the text "TRUENORTH", receiving Registration Number 3,149,332 on September 26, 2006. Registration Number 3,149,332 covers the text "TRUENORTH" for Industry Class 035, Business Succession Planning, and Class 036 for Insurance Services.

21. TrueNorth Principals, L.C. registered with the United States Patent and Trademark Office its trademark for its logo of the word "TrueNorth" with a compass design, receiving Registration Number 3,154,664 on October 10, 2006. Registration Number 3,154,664 covers TRUENORTH and design for the Industry Class 036, Insurance Services. A copy of the trademarked design appears below.



22. TrueNorth Principals, L.C. licensed exclusive use of the trademarks covered by Registration No. 2,517,502, No. 3,149,332, and No. 3,154,664 to TrueNorth Companies, LLC.

23. The Registration No. 2,517,502, No. 3,149,332, and No. 3,154,664 have each achieved incontestable status and are prima facie evidence of TrueNorth's exclusive right to use the marks in relation to certain business and financial services.

24. On information and belief, Defendant Warranty Plans was formed as a limited liability company in North Carolina on September 1, 2015.

25. Upon information and belief, Warranty Plans provides extended warranty services and vehicle service contracts for mechanical breakdown and servicing to the commercial trucking industry. Warranty Plans markets its services through commercial vehicle retailers as well as directly to owners of commercial trucking equipment.

26. Warranty Plans utilizes a website under the domain mane www.trunorthwarranty.com.

27. Warranty Plans advertises on its website that it "operates in most major cities in America."

28. Warranty Plans promotes and advertises that it offers financial planning, financial management, and asset management services.

29. Sometime prior to January 2016, Warranty Plans began using the mark "TRÜNORTH" associated with its services.

30. Sometime prior to January 2016, Warranty Plans began using the "TRÜNORTH" mark with a compass design. A copy of the design as it appears on Warranty Plans' website is below.



31. Warranty Plans uses the TRÜNORTH mark and its design identified in paragraph 30 on its website, brochures, forms, and advertising materials to market its services.

32. Warranty Plans uses the mark TrüNorth™ to identify itself in its contracts with Retailers and with end-user warranty customers.

33. On information and belief, defendant Eskridge was personally involved in the design of the TrüNorth logo identified in paragraph 30.

34. On information and belief, Defendants Warranty Plans and Eskridge were aware of TrueNorth's use of its trade word and trademarked designs prior to Warranty Plans' own use of the similar trade word and design.

35. On January 19, 2016, TrueNorth sent a demand letter to Eskridge on behalf of Warranty Plans demanding Warranty Plans stop using the word "TRÜNORTH" or the logo identified in paragraph 30, as Defendants' use infringed on TrueNorth's common law and registered trademarks.

6

36. Neither Eskridge not anyone else affiliated with Warranty Plans responded to the letter.

37. On February 5, 2016, Warranty Plans filed Application No. 86/899,366 with the United States Patent and Trademark Office ("USPTO") for registration of the mark TRÜNORTH & Design. Eskridge filed the initial Registration Application.

38. On October 31, 2016, TrueNorth filed an Opposition with the USPTO to Warranty Plans' Plans' Trademark Application.

39. On December 20, 2016, the USPTO issue a notice of default to Warranty Plans' Application because Warranty Plans failed to answer TrueNorth's Opposition.

40. On February 16, 2017, the USPTO entered a judgment by default against Warranty Plans, sustaining TrueNorth's Opposition and refusing Warranty Plans' Application for a trademark.

41. On or about August 23, 2016, TrueNorth received an application for insurance from one of its clients in the trucking industry. The customer sent enrollment forms to TrueNorth with its application. Included in the forms sent from the customer to TrueNorth was a Component Breakdown Limited Warranty Agreement form for TRÜNORTH™, a form utilized by Warranty Plans.

42. TrueNorth sent another demand letter to Eskridge on behalf of Warranty Plans on September 13, 2016, demanding that Warranty Plans stop its infringing use of the TRÜNORTH word and related design.

43. Neither Eskridge nor Warranty Plans have responded to the letter.

# COUNT I—
## TRADEMARK INFRINGEMENT
## 15 U.S.C. § 1114(1)

44. TrueNorth incorporates by reference paragraphs 1-43 of this Complaint as if set forth in full here.

45. This claim arises under the Lanham Act, 15 U.S.C. § 1051 et seq.

46. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331.

47. "TRUENORTH" and the two trademarked designs identified in paragraphs 19 and 21 are federally registered trademarks and are entitled to protection under Section 32 of the Lanham Action. These registrations are conclusive evidence of the owner's right to use the marks. The registrations are incontestable, which provides conclusive evidence of their validity, the owner's ownership of the marks, and the exclusive right to use the marks in commerce in connection with the services specified in the registration.

48. The "TRUENORTH" trademark and the two trademarked designs identified in paragraphs 19 and 21 have been exclusively licensed by its owner TrueNorth Principals, L.C. to TrueNorth Companies, LLC, including, without limitation, the right to enforce the marks.

49. The "TRUENORTH" trademark and the two trademarked designs identified in paragraphs 19 and 21 have been continuously and substantially exclusively used by TrueNorth, its licensor, and predecessors in interest in commerce for business, financial, and insurance services since 2000.

50. The TRUENORTH word mark and the two trademarked designs identified in paragraphs 18 and 20 are fanciful, arbitrary, or suggestive.

51. Defendants have used and continue to use the TRUENORTH mark to promote their services.

52. Defendants have used and continue to use a colorable imitation of the TRUENORTH mark and the two trademarked designs identified in paragraphs 19 and 21 to promote its services.

53. Defendants' TRÜNORTH mark and its design identified in paragraph 30 are confusingly similar to TrueNorth's word mark and trademarked designs.

54. Defendants' TRÜNORTH mark and its design identified in paragraph 30 are similar to TrueNorth's word mark and trademarked designs in sight, sound, and meaning.

55. Defendants' TRÜNORTH mark and its design identified in paragraph 30 are used to promote services that are similar to the business, financial and insurance services for which TrueNorth uses its word mark and trademarked designs.

56. Upon information and belief, Defendants were aware of TrueNorth's use of its trademarks prior to Defendants' use of the TRÜNORTH mark and its design identified in paragraph 30.

57. Given the prominence of TrueNorth's use of its trademarks throughout the United States, Defendants had to have been aware of TrueNorth's use of its trademarks prior to Defendant's use of the TRÜNORTH mark and its design identified in paragraph 30.

58. Defendants purposefully copied TrueNorth's word mark and trademarked designs with the intent of trading off and profiting from TrueNorth's goodwill and reputation.

59. TrueNorth informed Defendants of Defendants' infringing use of Plaintiffs' mark and its trademarked designs in January 2016.

60. Defendants thereafter filed for federal registration with the United States Patent and Trademark Office for its alleged trademark TRÜNORTH and colorable imitation design on or about February 5, 2016.

61. Defendants' actions are intentional, willful, and/or in reckless disregard of Plaintiffs' rights in the TrueNorth mark.

62. Plaintiffs have been damaged by Defendants' wrongful use of its marks and by Defendants' use of a colorable imitation of Plaintiffs' marks.

63. The aforesaid acts of the Defendant have and will continue to greatly and irreparably damage TrueNorth unless enjoined by this Court, as a result of which TrueNorth is without an adequate remedy at law.

## COUNT II—
## TRADEMARK INFRINGEMENT
## 15 U.S.C. § 1125(a)

64. TrueNorth incorporates by reference paragraphs 1-63 of this Complaint as if set forth in full here.

65. This claim arises under the Lanham Act, 15 U.S.C. § 1051 et seq.

66. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331.

67. "TRUENORTH" and the two trademarked designs are federally registered trademarks and are entitled to protection under Sections 32 of the Lanham Action. These registrations are conclusive evidence of the owner's right to use the marks. The registrations are incontestable, which provides conclusive evidence of their validity, the owner's ownership of the marks, and the exclusive right to use the marks in commerce in connection with the services specified in the registration.

68. Defendants use TRÜNORTH and its TRÜNORTH design logo identified in paragraph 30 to promote its services without TrueNorth's permission and against TrueNorth's express denial of permission.

69. Defendants' use of the name and mark identified in paragraph 30 has caused actual confusion for TrueNorth's customers.

70. Given the similarity between Plaintiffs' trademarked designs and Defendants' logo design and the similarity of the services offered by Defendants and Plaintiffs, Defendants' use has caused, and is likely to cause, confusion as to the affiliation, connection, or association between Plaintiffs and Defendants.

71. Defendants were aware of TrueNorth's use of its trademarks prior to Defendants' use of the mark and colorable imitations of TrueNorth's trademarked designs.

72. TrueNorth informed Defendants of Defendants' infringing use of TrueNorth's mark and its trademarked designs in January 2016.

73. Defendants thereafter filed for federal registration with the United States Patent and Trademark Office for its alleged trademark TRÜNORTH and colorable imitation design on or about February 5, 2016.

74. Defendants continue to use their TRÜNORTH mark and TRÜNORTH logo design in commerce despite notice from Plaintiffs.

75. Defendants' actions are intentional, willful, and/or in reckless disregard of Plaintiffs' rights in the TrueNorth mark.

76. Plaintiffs have been damaged by Defendants' wrongful use of its marks and by Defendants' use of a colorable imitation of Plaintiffs' marks.

77. The aforesaid acts of the Defendant have and will continue to greatly and irreparably damage TrueNorth unless enjoined by this Court, as a result of which TrueNorth is without an adequate remedy at law.

### COUNT III—
### MARK DILUTION
### 15 U.S.C. § 1125(c)

78. TrueNorth incorporates by reference paragraphs 1-77 of this Complaint as if set forth in full here.

79. This claim arises under the Lanham Act, 15 U.S.C. § 1051 et seq.

80. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331.

81. "TrueNorth" is a federally registered mark owned and exclusively licensed by Plaintiffs.

82. The TrueNorth mark is a strong and highly distinctive mark.

83. The TrueNorth mark is famous.

84. The TrueNorth mark has been famous for many years before Defendants started its unauthorized use of the mark or a colorable imitation of the mark.

85. Defendants use the TrüNorth mark in commerce to promote and advertise their services.

86. Defendants' TrüNorth mark is confusingly similar to Plaintiffs' TrueNorth mark.

87. Defendants compete with TrueNorth in offering risk reduction services in the commercial trucking industry.

88. Defendants' use of the TrüNorth mark has created an association between Plaintiffs' services and Defendants' services in the minds of consumers.

89. Defendants' use of the TrüNorth mark has or is likely to impair the distinctiveness of Plaintiffs' mark.

90. Defendants' actions are intentional, willful, and/or in reckless disregard of Plaintiffs' rights in the TrueNorth mark.

91. Plaintiffs have been damaged by Defendants' wrongful use of its marks and by Defendants' use of a colorable imitation of Plaintiffs' marks.

92. The aforesaid acts of the Defendant have and will continue to greatly and irreparably damage TrueNorth unless enjoined by this Court, as a result of which TrueNorth is without an adequate remedy at law.

## COUNT IV—
## FALSE DESIGNATION OF ORIGIN
## 15 U.S.C. § 1125

93. TrueNorth incorporates by reference paragraphs 1-92 of this Complaint as if set forth in full here.

94. This claim arises under the Lanham Act, 15 U.S.C. § 1051 et seq.

95. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331.

96. TrueNorth has used the "TrueNorth" mark and the two trademarked designs to market and sell its financial services since 2000. Accordingly, the "TrueNorth" mark and the two trademarked designs designate TrueNorth as the sources of the services associated with the mark and designs.

97. Warranty Plans uses the TrüNorth mark and TrüNorth design logo to market and sell its services without TrueNorth's permission and against TrueNorth's express denial of permission.

98. Given the similarity between Plaintiffs' trademarked designs and Defendants' logo design and the similarity of the services offered by Defendants and Plaintiffs,

Defendants' use has caused, and is likely to cause, confusion as to the affiliation, connection, or association between Plaintiffs and Defendants

99. Defendants' false designation of origin is intentional, willful, and/or in reckless disregard of Plaintiffs' rights in the TrueNorth mark.

100. Plaintiffs have been damaged by Defendants' wrongful use of its marks and by Defendants' use of a colorable imitation of Plaintiffs' marks.

**101.** The aforesaid acts of the Defendant have and will continue to greatly and irreparably damage TrueNorth unless enjoined by this Court, as a result of which TrueNorth is without an adequate remedy at law.

### COUNT V—
### MARK INFRINGEMENT
### UNDER STATE LAW

102. TrueNorth incorporates by reference paragraphs 1-101 of this Complaint as set forth in full here.

103. This claim arises under Iowa Code § 548.112.

104. This Court has supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367(a).

105. The Defendant is using a colorable imitation of TrueNorth's marks. *See e.g.*, paragraphs 19-32.

106. On the basis of the foregoing paragraphs, the Defendant's acts constitute mark infringement. *See e.g.*, paragraphs 41-60.

107. Plaintiffs have been damaged by Defendants' wrongful use of its marks and by Defendants' use of a colorable imitation of Plaintiffs' marks.

108. The aforesaid acts of the Defendant have and will continue to greatly and irreparably damage TrueNorth unless enjoined by this Court, as a result of which TrueNorth is without an adequate remedy at law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs TrueNorth Principals, L.C. and TrueNorth Companies, L.C. respectfully request that this Court grant judgement against Defendants TrüNorth Warranty Plans of North America, LLC and William Eskridge on all claims by Entry of an Order of this Court, providing as follows:

a. Defendants, its servants, agents, officers, directors, and employees, and all other persons in active concert or participation with it, or any of its successors and assigns, be preliminarily and permanently enjoined as follows:

   1. To cease and desist from using the TRÜNORTH mark or the TRÜNORTH mark and design identified in paragraph 30, or any colorful imitation thereof;

   2. From using, in the advertisement, promotion, offering for sale, or sale of any services or the promotion of the Defendant's business, the TrueNorth mark, the TrueNorth trademarked designs, or any other colorable imitation thereof;

b. Defendants be required to account for and pay over to Plaintiffs all damages suffered by Plaintiffs and all profits wrongfully derived by the Defendants as a result of its mark infringement, trademark infringement, and mark dilution.

c. Defendants be required to pay over to Plaintiffs three times the actual damages sustained by Plaintiffs, together with the reasonable attorneys' fees and costs incurred by Plaintiffs in the prosecution of this action.

d. Defendants be ordered to deliver up for destruction all labels, signs, prints, insignia, brochures, and any other written or recorded material or advertisements in their possession or control containing the TRÜNORTH mark and TRÜNORTH logo design, and any colorable imitation of the TRUENORTH mark or the TRUENORTH trademarked designs.

e. Defendants be ordered to remove from its website and all digital media and advertising all references to or uses of the TRÜNORTH mark and TRÜNORTH logo design, and any colorable imitation of the TRUENORTH mark or the TRUENORTH trademarked designs.

f. Such other and further relief in law and in equity as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs TrueNorth Principals, L.C. and TrueNorth Companies, L.C. hereby demand trial by jury of all issues so triable encompassed by Counts I through V of this Complaint.

/s/ Mark L. Zaiger
MARK L. ZAIGER             AT0008655
BRETT D. PAPENDICK         AT000
DANA L. OXLEY              AT0005917
            for
SHUTTLEWORTH & INGERSOLL, P.L.C.
115 3rd Street SE, Suite 500, P.O. Box 2107
Cedar Rapids, IA 52406
PHONE:     (319) 365-9461
FAX:       (319) 365-8443
mlz@shuttleworthlaw.com
bdp@shuttleworthlaw.com
dlo@shuttleworthlaw.com
ATTORNEYS FOR PLAINTIFFS TRUENORTH COMPANIES, L.C., AND TRUENORTH PRINCIPALS, L.C.